**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-13112
Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

LEON D. CLARKE,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:07-cr-14030-JEM-2

————————————

Before JORDAN, LAGOA, and KIDD, Circuit Judges.

PER CURIAM:

Leon Clarke, a federal prisoner proceeding pro se, appeals the denial of his motions for companionate release and reconsideration. Clarke contends that the district court should have reduced

his sentence under U.S.S.G. § 1B1.13(b)(6) because his sentence would be shorter under current law. He also contends that the district court's analysis in its decision denying his compassionate release motion is inadequate.

We review a district court's denial of a motion for compassionate release in two steps. *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). First, we review whether the defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) de novo. *Id.* Second, we review the district court's denial of a compassionate release motion for abuse of discretion. *Id.* A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures, makes clearly erroneous factual findings, or fails to explain its decision adequately enough for us to meaningfully review it. *Id.* The defendant bears the burden of proving that he is eligible for compassionate release. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that a defendant bears of the burden of establishing that a retroactive amendment lowered his guideline range).

We review denials of motions for reconsideration for abuse of discretion. *United States v. Llewlyn*, 879 F.3d 1291, 1294 (11th Cir. 2018). However, we review the district court's application of statutes authorizing a sentence reduction de novo. *Id.* District courts can only grant a motion for reconsideration when the movant (1) presents newly discovered evidence or (2) demonstrates that the district court's order contained a "manifest error of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re*

*Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 2009)). Motions for reconsideration cannot present evidence or arguments that the movant presented or could have presented prior to the district court issuing its final order. *Id.*

To appeal a district court decision, criminal defendants must file a notice of appeal within 14 days of the entry of the order being appealed. Fed. R. App. P. 4(b)(1)(A). A defendant's failure to file a timely notice of appeal does not deprive us of jurisdiction, so we will only enforce the deadline if the government objects. *United States v. Lopez*, 562 F.3d 1309, 1312-13 (11th Cir. 2009).

As an initial matter, Clarke's notice of appeal is untimely as to his compassionate release motion because Clarke filed his notice of appeal more than 14 days after the district court entered its order denying his compassionate release motion. *See* Fed. R. App. P. 4(b)(1)(A). Because the government objects, we will not consider Clarke's appeal of his compassionate release motion. *See Lopez*, 562 F.3d at 1312-13. We now turn to Clarke's challenge regarding the motion for reconsideration.

We conclude that the district court did not err in denying Clarke's motion for reconsideration as none of Clarke's arguments in his motion for reconsideration presented newly discovered evidence or demonstrated that the district court's order denying him compassionate release contained a manifest error of law or fact. *See Arthur*, 500 F.3d at 1343. We thus affirm the district court's order denying Clarke's motion for reconsideration.

**AFFIRMED.**